EXHIBIT "A"

1  ROBERT E. KREBS, CA BAR NO. 057526
   rkrebs@thelenreid.com
2  ROBERT E. CAMORS, JR., CA BAR NO. 121204
   bobcamors@thelenreid.com
3  RICHARD A. LEASIA, CA BAR NO. 73397
   rleasia@thelenreid.com
4  THELEN REID & PRIEST LLP
   225 West Santa Clara Street, Suite 1200
5  San Jose, CA  95113-1723
   Telephone:  (408) 292-5800
6  Facsimile:  (408) 287-8040

7  Attorneys for Plaintiff and Counterclaim Defendant
   GENMARK AUTOMATION, INC.,

8
   PAUL J. ANDRE, CA BAR NO. 196585
9  (pandre@perkinscoie.com)
   LISA KOBIALKA, CA BAR NO. 191404
10 (lkobialka@perkinscoie.com)
   PERKINS COIE LLP
11 101 Jefferson Drive
   Menlo Park, CA 94025
12 Telephone:     (650) 838-4300
   Facsimile:     (650) 838-4350
13
   Attorneys for Defendant and Counterclaimant
14 INNOVATIVE ROBOTICS SYSTEMS, INC.

15

16                    UNITED STATES DISTRICT COURT

17              FOR THE NORTHERN DISTRICT OF CALIFORNIA

18                        SAN FRANCISCO DIVISION

19 GENMARK AUTOMATION, INC., a              Case No.:  05-CV-04707 PJH
   California corporation,
20
                Plaintiff-Counterdefendant,   STIPULATED PROTECTIVE ORDER
21
                      vs.
22
   INNOVATIVE ROBOTICS SYSTEMS,
23 INC., a California corporation,

24
                Defendant-Counterclaimant.
25

26 ///

27 ///

28 ///

1   1.   PURPOSES AND LIMITATIONS

2   Disclosure and discovery activity in this action are likely to involve production of

3   confidential, proprietary, or private information for which special protection from public

4   disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

5   Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

6   Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

7   all disclosures or responses to discovery and that the protection it affords extends only to the

8   limited information or items that are entitled under the applicable legal principles to treatment as

9   confidential.  The parties further acknowledge, as set forth in Section 10, below, that this

10  Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil

11  Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will

12  be applied when a party seeks permission from the court to file material under seal.

13  2.   DEFINITIONS

14  2.1   Party:  Any party to this action, including all of its officers, directors,

15  employees, consultants, retained experts, and outside counsel (and their support staff).

16  2.2   Disclosure or Discovery Material:  All items or information, regardless of

17  the medium or manner generated, stored, or maintained (including, among other things, testimony,

18  transcripts, or tangible things) that are produced or generated in disclosures or responses to

19  discovery in this matter.

20  2.3   "Confidential" Information or Items:  Information (regardless of how

21  generated, stored or maintained) or tangible things that qualify for protection under standards

22  developed under F.R.Civ.P. 26(c) and information described in Paragraph 5.1.

23  2.4   "Highly Confidential - Attorneys' Eyes Only" Information or Items:

24  Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

25  non-party would create a substantial risk of serious injury that could not be avoided by less

26  restrictive means and information described in Paragraph 5.1.

27

28

1          2.5    Receiving Party:  A Party that receives Disclosure or Discovery Material

2    from a Producing Party.

3          2.6    Producing Party:  A Party or non-party that produces Disclosure or

4    Discovery Material in this action.

5          2.7    Designating Party:  A Party or non-party that designates information or

6    items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

7    Confidential - Attorneys' Eyes Only."

8          2.8    Protected Material:  Any Disclosure or Discovery Material that is

9    designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

10         2.9    Outside Counsel:  Attorneys who are not employees of a Party but who are

11   retained to represent or advise a Party in this action.

12         2.10    House Counsel:  Attorneys who are employees of a Party.

13         2.11    Counsel (without qualifier):  Outside Counsel and House Counsel (as well

14   as their support staffs).

15         2.12    Expert:  Person with specialized knowledge or experience in a matter

16   pertinent to the litigation who has been retained by a Party or its in-house or Outside counsel to

17   serve as an expert witness or as a consultant in this action and who is not a past or a current

18   employee of a Party or of a competitor of a Party's and who, at the time of retention, is not

19   anticipated to become an employee of a Party or a competitor of a Party's.  This definition

20   includes a professional jury or trial consultant retained in connection with this litigation.

21         2.13    Professional Vendors:  Persons or entities that provide litigation support

22   services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

23   organizing, storing, retrieving data in any form or medium; etc.) and their employees and

24   subcontractors.

25   3.    SCOPE

26       The protections conferred by this Stipulation and Order cover not only Protected Material

27   (as defined above), but also any information copied or extracted therefrom, as well as all copies,

28

1  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

2  parties or counsel to or in court or in other settings that might reveal Protected Material.

3      4.    <u>DURATION</u>

4      Even after the termination of this litigation, the confidentiality obligations imposed by this

5  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

6  otherwise directs.

7      5.    <u>DESIGNATING PROTECTED MATERIAL</u>

8      5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each

9  Party or non-party that designates information or items for protection under this Order must take

10  care to limit any such designation to specific material that qualifies under the appropriate

11  standards.  A party or third party may designate as "Confidential" any material that the party

12  reasonably believes to constitute or include proprietary business or financial information, personal

13  information or information furnished to it in confidence by an third-party, which information is

14  not known or freely accessible to the general public.  Information or materials designated as

15  "Confidential" may be disclosed to the parties for the purposes of the litigation - pursuant to

16  Paragraph 7.2, but must be protected against disclosure to third parties.  Absent a specific order by

17  this Court, once designated as "Confidential", such designated information shall be used solely in

18  connection with this litigation, and not for any business, competitive, governmental, or other

19  purpose or function, and such information shall not be disclosed to anyone except as provided

20  herein.

21      A party or third party may designate as "Highly Confidential – Attorneys' Eyes

22  Only" any material that the party reasonably and in good faith believes the disclosure of which

23  would result in the disclosure of trade secrets or other highly sensitive research, development,

24  production, personnel, commercial, or business information (including but not limited to

25  proprietary information, contracts, bids, corporate planning documents, strategic planning

26  documents, documents that reveal market or customer analyses, competitive strategy, research and

27  development documents, financial statements, and other financial or budgetary documents).

28  Information or materials designated as "Highly Confidential - Attorneys' Eyes Only" shall be

1   those things of a proprietary business, financial, or technical nature that might be of value to a

2   competitor or potential customer of the party or nonparty holding the proprietary rights thereto,

3   and that must be protected from disclosure.  Absent a specific order by this Court, once designated

4   as "Highly Confidential - Attorneys' Eyes Only," such designated information shall be used solely

5   in connection with this litigation, and not for any business, competitive, or governmental purpose

6   or function, and such information shall not be disclosed to anyone except as provided herein.

7           If it comes to a Party's or a non-party's attention that information or items that it

8   designated for protection do not qualify for protection at all, or do not qualify for the level of

9   protection initially asserted, that Party or non-party must promptly notify all other parties that it is

10  withdrawing the mistaken designation.

11          5.2    Manner and Timing of Designations.  Except as otherwise provided in this

12  Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

13  material that qualifies for protection under this Order must be clearly so designated before the

14  material is disclosed or produced.

15          A Party or non-party that makes original documents or materials available for

16  inspection need not designate them for protection until after the inspecting Party has indicated

17  which material it would like copied and produced.  During the inspection and before the

18  designation, all of the material made available for inspection shall be deemed "HIGHLY

19  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

20  documents it wants copied and produced, the Producing Party must determine which documents,

21  or portions thereof, qualify for protection under this Order, then, before producing the specified

22  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

23  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") on each page that contains

24  Protected Material.

25          The designation of information or material as "Confidential" or "Highly

26  Confidential - Attorneys' Eyes Only" for purposes of this Protective Order shall be made in the

27  following manner by the Party or nonparty seeking protection:

28

1     (a)  for information in documentary form (apart from transcripts of

2 depositions or other pretrial or trial proceedings), by affixing the legend "CONFIDENTIAL" or

3 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, to at least the first

4 page of any document containing any confidential information or material.

5     (b)  for testimony given in deposition or in other pretrial or trial

6 proceedings, (i) by a statement on the record, by counsel, during such deposition or other pretrial

7 or trial proceeding that the entire transcript or a portion thereof shall be designated as

8 "Confidential" or "Highly Confidential - Attorneys' Eyes Only," as appropriate, hereunder; or (ii)

9 by written notice of such designation sent by counsel to all parties within fifteen (15) calendar

10 days after the mailing (via overnight mail) to counsel of the transcript of the deposition.  The

11 parties shall treat all deposition and other pretrial and trial testimony as "Highly Confidential -

12 Attorneys' Eyes Only" hereunder until the expiration of fifteen (15) calendar days after the

13 mailing (via overnight mail) to counsel of the transcript of the deposition.  Unless so designated,

14 any confidentiality is waived after the expiration of the 15-day period unless otherwise stipulated

15 or ordered.  The parties may modify this procedure for any particular deposition or proceeding

16 through agreement on the record at such deposition or proceeding or otherwise by written

17 stipulation, without further order of the Court.  If any document or information designated as

18 "Confidential" or "Highly Confidential - Attorneys' Eyes Only" is used during the course of a

19 deposition, that portion of the deposition record reflecting such confidential information shall be

20 sealed and stamped with the designated degree of confidentiality, and access thereto shall be

21 limited pursuant to the other terms of this Protective Order.

22     (c)  for information produced in some form other than documentary, and

23 for any other tangible items, by affixing in a prominent place on the exterior of the container or

24 containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

25 CONFIDENTIAL – ATTORNEYS' EYES ONLY."

26    5.3  <u>Inadvertent Failures to Designate</u>.  If timely corrected upon discovery, an

27 inadvertent failure to designate qualified information or items as "Confidential" or "Highly

28 Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right

1   to secure protection under this Order for such material.  If material is appropriately designated as

2   "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the material was initially

3   produced, the Receiving Party, on timely notification of the designation, must make reasonable

4   efforts to assure that the material is treated in accordance with the provisions of this Order.

5       6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6           6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's

7   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

8   economic burdens, or a later significant disruption or delay of the litigation, a Party does not

9   waive its right to challenge a confidentiality designation by electing not to mount a challenge

10  promptly after the original designation is disclosed.

11          6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating

12  Party's confidentiality designation must do so in good faith and must begin the process by

13  conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

14  with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis

15  for its belief that the confidentiality designation was not proper and must give the Designating

16  Party an opportunity to review the designated material, to reconsider the circumstances, and, if no

17  change in designation is offered, to explain the basis for the chosen designation.  A challenging

18  Party may proceed to the next stage of the challenge process only if it has engaged in this meet

19  and confer process first.

20          6.3     Judicial Intervention.  A Party that elects to press a challenge to a

21  confidentiality designation after considering the justification offered by the Designating Party may

22  file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

23  applicable) that identifies the challenged material and sets forth in detail the basis for the

24  challenge.  Each such motion must be accompanied by a competent declaration that affirms that

25  the movant has complied with the meet and confer requirements imposed in the preceding

26  paragraph and that sets forth with specificity the justification for the confidentiality designation

27  that was given by the Designating Party in the meet and confer dialogue.

28

1    The burden of persuasion in any such challenge proceeding shall be on the

2  Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

3  material in question the level of protection to which it is entitled under the Producing Party's

4  designation.

5    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

6    7.1    Basic Principles.  A Receiving Party may use Protected Material that is

7  disclosed or produced by another Party or by a non-party in connection with this case only for

8  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

9  disclosed only to the categories of persons and under the conditions described in this Order.  When

10  the litigation has been terminated, a Receiving Party must comply with the provisions of

11  section 11, below (FINAL DISPOSITION).

12    Protected Material must be stored and maintained by a Receiving Party at a

13  location and in a secure manner that ensures that access is limited to the persons authorized under

14  this Order.

15    7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

16  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

17  disclose any information or item designated CONFIDENTIAL, only to:

18    (a)    the Receiving Party's Outside Counsel of record in this action, as

19  well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the

20  information for this litigation and who have signed the "Agreement to Be Bound by Protective

21  Order" that is attached hereto as Exhibit A;

22    (b)    the Receiving Party's in-house Counsel and one designated

23  employee of the Receiving Party who has been disclosed to the Producing Party, and to whom

24  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

25  Bound by Protective Order" (Exhibit A);

26    (c)    experts (as defined in this Order) of the Receiving Party to whom

27  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

28  Bound by Protective Order" (Exhibit A) and who follow the procedures set forth in Paragraph 7.4;

1                    (d)     the Court and its personnel;

2                    (e)     court reporters, their staffs, and professional vendors to whom

3 disclosure is reasonably necessary for this litigation; and

4                    (f)     the author of the document or the original source of the information

5 or to the person to whom the document was originally addressed.

6        7.3     Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

7 ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by

8 the Designating Party, a Receiving Party may disclose any information or item designated

9 "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

10                    (a)     the Receiving Party's Outside Counsel of record in this action, as

11 well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the

12 information for this litigation;

13                    (b)     Experts (as defined in this Order) (1) to whom disclosure is

14 reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by

15 Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4,

16 below, have been followed;

17                    (c)     the Court and its personnel;

18                    (d)     court reporters, their staffs, and professional vendors to whom

19 disclosure is reasonably necessary for this litigation; and

20                    (e)     the author of the document or the original source of the information,

21 or to the person to whom the document was originally addressed.

22        7.4     Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL -

23 ATTORNEYS' EYES ONLY" Information or Items to "Experts".  Unless otherwise ordered by

24 the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an

25 "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY

26 CONFIDENTIAL - ATTORNEYS' EYES ONLY" first must make a written request to the

27 Designating Party that (1) attaches a signed copy of "Agreement to Be Bound by Protective

28 Order" (Exhibit A), (2) sets forth the full name of the Expert and the city and state of his or her

1   primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's

2   current employer(s), (5) identifies each person or entity from whom the Expert has received

3   compensation for work in his or her areas of expertise or to whom the expert has provided

4   professional services at any time during the preceding five years, and (6) identifies (by name and

5   number of the case, filing date, and location of court) any litigation in connection with which the

6   Expert has provided any professional services during the preceding five years.

7                                 (a)     A Party that makes a request and provides the information specified

8   in the preceding paragraph may disclose the subject Protected Material to the identified Expert

9   unless, within seven (7) business days of delivering the request, the Party receives a written

10  objection from the Designating Party.  Any such objection must set forth in detail the grounds on

11  which it is based.

12                                (b)     A Party that receives a timely written objection must meet and

13  confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the

14  matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the

15  Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local

16  Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must

17  describe the circumstances with specificity, set forth in detail the reasons for which the disclosure

18  to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and

19  suggest any additional means that might be used to reduce that risk.  In addition, any such motion

20  must be accompanied by a competent declaration in which the movant describes the parties'

21  efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

22  discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve

23  the disclosure.

24                                In any such proceeding the Party opposing disclosure to the Expert shall

25  bear the burden of proving that the risk of harm that the disclosure would entail (under the

26  safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

27  its Expert.

28

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.   FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.   INADVERTENT DISCLOSURE

The inadvertent disclosure of privileged or work product information does not, standing alone, waive the designating party's privilege or work product protections.  Upon discovery of inadvertently disclosed privileged or work product information, the designating party shall inform the receiving party of its recent discovery and request the return of such information.  The receiving party shall then return or destroy all copies, abstracts, summaries, excerpts, compilations or other form of reproduction or capturing of such information to the designating party upon its request.

12.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain

1    or constitute Protected Material remain subject to this Protective Order as set forth in Section 4

2    (DURATION), above.

3         13.    MISCELLANEOUS

4              13.1    Right to Further Relief.  Nothing in this Order abridges the right of any

5              person to seek its modification by the Court in the future.

6              13.2    Right to Assert Other Objections.  By stipulating to the entry of this

7    Protective Order no Party waives any right it otherwise would have to object to disclosing or

8    producing any information or item on any ground not addressed in this Stipulated Protective

9    Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

10   the material covered by this Protective Order.

11

12   / / /

13   / / /

14   / / /

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3   Dated:  June 7, 2006               THELEN, REID & PRIEST, LLP

4

5                  By:       _____/s/_____

6                           ROBERT E. CAMORS, JR.
                           Attorneys for Genmark Automation, Inc.

7

8   Dated:  June 7, 2006               PERKINS COIE LLP

9

10                By:      _____/s/_____

11                           PAUL J. ANDRE
                           LISA KOBIALKA

12                           JAMES L. HAUGEN
                           Attorneys for Innovative Robotics Systems, Inc.

13

14   PURSUANT TO STIPULATION, IT IS SO ORDERED.

15   DATED:_____6/13/06_____

16                        Honorable
                        United States

17

18

19

20

21

22

23

24

25

26

27

28

THELEN REID & PRIEST LLP

SV #254448 v1

**STIPULATED PROTECTIVE ORDER**
**CASE NO. 05-CV-04707 PJH**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on _____ [date] in the case of *Genmark

Automation, Inc. vs. Innovative Robotics Systems, Inc.*, N.D. Cal. 05-CV-04707 PJH. I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
                    [printed name]

Signature:_____
                  [signature]

THELEN REID
& PRIEST LLP

STIPULATED PROTECTIVE ORDER
CASE NO. 05-CV-04707 PJH