**McPHARLIN SPRINKLES & THOMAS LLP**
Robert E. Camors, Jr., CA BAR NO. 121204
BOBCAMORS@MSTPARTNERS.COM
160 W. Santa Clara Street
Suite 400
San Jose, CA 95113
Telephone: 408-293-1900
Facsimile: 408-293-1999

Attorneys for Plaintiff and Counterdefendant
GENMARK AUTOMATION, INC.

**WILSON SONSINI GOODRICH & ROSATI**
JAMES C. YOON, CA Bar No. 177155
JYOON@WSGR.COM
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

Attorneys for Defendant and Counterclaimant
INNOVATIVE ROBOTICS SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GENMARK AUTOMATION, INC., a California corporation,<br><br>Plaintiff, Counterdefendant,<br><br>v.<br><br>INNOVATIVE ROBOTICS SYSTEMS, INC., a California corporation,<br>Defendant and Counterclaimant. | Case No. 4:05-cv-04707 PJH<br><br>**STIPULATION AND [PROPOSED] ORDER ENTERING CONSENT JUDGMENT AND PERMANENT INJUNCTION**<br><br>Hon. Phyllis J. Hamilton |

Pursuant to Northern District Civil Local Rules 7-1(a)(5) and 7-12, as well as Fed.R.Civ.P. 58 and 65, Plaintiff Genmark Automation, Inc. ("Genmark") and Defendant Innovative Robotics Systems, Inc. ("IRSI" or "Defendant"), jointly submit this stipulation

requesting an Order from this Court (1) entering a final consent judgment in this action and (2) a permanent injunction against any further infringement by Defendant of Genmark's patent rights.

## BACKGROUND

This is a patent infringement action commenced on November 16, 2005 by Genmark against defendant IRSI involving U.S. Patent No. 5,789,890 (the "'890 patent"); U.S. Patent No. 6,037,733 (the "'733 patent"); and U.S. Patent No. 6,121,743 (the "'743 patent") (collectively, the "patents-in-suit"). The patents-in-suit generally relate to robots and robotic arms. IRSI answered the complaint and filed a counterclaim ("Counterclaim") to which Genmark has filed a reply. The Complaint and Counterclaim are referred to herein as the "Action."

Genmark is the owner of all rights, title, and interest in U.S. Patent No. 5,789,890 (the "'890 patent"); U.S. Patent No. 6,037,733 (the "'733 patent"); and U.S. Patent No. 6,121,743 (the "'743 patent"), issued August 4, 1998, March 14, 2000 and September 19, 2000, respectively.

Genmark and IRSI have now reached an agreement to resolve this matter by the entry of this consent final judgment and permanent injunction. A stipulation to that effect and proposed order are set out below.

## STIPULATION REGARDING CONSENT JUDGMENT AND PERMANENT INJUNCTION

IT IS HEREBY STIPULATED, by and between the parties, and through their respective attorneys of record that:

1. this Court should enter a consent final judgment incorporating the following:

   a. this Court has jurisdiction over Genmark and IRSI, as well as over the subject matter of this patent infringement action.

   b. Venue is proper in this Court.

   c. Defendant IRSI acknowledges and admits that the patents-in-suit are owned by Genmark and are valid and enforceable in all respects.

d. Defendant IRSI, commencing no later than November 16, 2004, engaged in acts of manufacture, use, sale, and offer for sale in the United States of the IR-820 Series, IR-820, IR-822, IR-825, and the IR-828 robots which infringed Claims 1, 2, 3, 7, 8, 10, 11 and 31 of the '890 patent including the reexamined claims; Claims 1, 2, 3, 7, 8, 19, 20, 21 and 22 of the '733 patent including the reexamined claims; and Claims 1, 2, 5, 9, 10 and 14 of the '743 patent including the reexamined claims.

e. Final Judgment is therefore entered in favor of Genmark and against Defendant IRSI. IRSI's Counterclaim to the Complaint and any and all defenses to the allegations of the First Amended Complaint, whether in law or in equity, are dismissed with prejudice. Defendant acknowledges and agrees that this Final Judgment and Permanent Injunction is binding upon it, its current employees, officers, directors, managing agents and owners and constitutes *res judicata* between the Parties. Defendant IRSI further waives all right to appeal from this Final Judgment. Genmark waives all right to recover damages against Defendant IRSI for infringement of the patents-in-suit by IRSI which occurred prior to the effective date of this Permanent Injunction.

f. Each party shall bear is own costs and attorney's fees.

2. the Court shall also enter a permanent injunction with the following provisions:

a. Defendant IRSI is permanently restrained, enjoined and prohibited from further infringement of the patents-in-suit, and from manufacturing, importing, using, selling, and/or offering for sale the IR-820 Series, IR-820, IR-822, IR-825, and the IR-828 robots or any parts of sub-systems thereof, in the United States for the duration of time that the '890, '733 and '744 patents remain in force and in effect.

b. Defendant IRSI is enjoined from directly or indirectly aiding or participating in any action contesting the validity or enforceability of the '890, '733 and '744 patents or any claim thereof including any reexamined claim in any tribunal or forum.

       c.      This Permanent Injunction is effective seven (7) calendar days following the date of the order entered by this Court and IRSI waives notice of this Permanent Injunction upon it.

Respectfully Submitted,

Dated: June 10, 2011

McPharlin Sprinkles & Thomas LLP

By: _____
Robert E. Camors, Jr.
Attorneys for Plaintiff
Genmark Automation, Inc.

Dated: June 10, 2011

Wilson Sonsini Goodrich & Rosati

By: _____
James C. Yoon
Attorneys for Defendant and Counterclaimant
Innovative Robotics Systems, Inc.

**PURSUANT TO STIPULATION, IT IS SO ORDERED, ADJUDGED AND DECREED.**

Dated: June 15, 2011

_____
Hon. Phyllis J. Hamilton
U.S. District Court Judge

*IT IS SO ORDERED*
*Judge Phyllis J. Hamilton*